Opinion issued May 20, 2010

 

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-07-01073-CR

———————————

DERRICK
DEWAINE LEE, Appellant

V.

THE STATE OF
TEXAS, Appellee



 



 

On Appeal from the 338th District Court 

Harris County, Texas



Trial Court Case No. 1109989

 



 

MEMORANDUM OPINION

          A
jury found appellant, Derrick Dewaine Lee, guilty of aggravated robbery, see Tex.
Penal Code Ann. §§ 29.02(a)(2), 29.03(a)(2) (Vernon 2003), and assessed
punishment at 27 years in prison.  Based
on the language of the indictment and the jury’s guilty finding, the trial
court included a deadly-weapon finding in the judgment.  

          Appellant’s court-appointed
counsel has filed an Anders brief in
which she states that there are no arguable grounds to support an appeal.  See
Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).  Appellant filed a pro se response to his
counsel’s Anders brief in which he asserts
that he did not rob the complainant and that the evidence did not show that he
used or exhibited a deadly weapon, namely, a firearm, as alleged in the
indictment.  

We affirm.

ANDERS PROCEDURE

When we receive an Anders brief from a defendant’s court-appointed
attorney, who asserts that no arguable grounds for appeal exist, we must
determine that issue independently by conducting our own review of the entire
record.  See id.
(emphasizing that reviewing court—and not counsel—determines, after full
examination of proceedings, whether case is “wholly frivolous”); Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). In conducting our
review, we consider any pro se response that the defendant files to his
appointed counsel’s Anders brief.  See Bledsoe v. State, 178 S.W.3d 824, 826–28 (Tex. Crim. App.
2005). 

Our role in this Anders
appeal is limited to determining whether arguable grounds for appeal exist.  See id.
at 827.  If we determine that arguable
grounds for appeal exist, we must abate the appeal and remand the case to the
trial court to allow the court-appointed attorney to withdraw.  See id.
 The trial court must then either appoint
another attorney to present all arguable grounds for appeal or, if the
defendant wishes, allow the defendant to proceed pro se.  See id.
 We do not rule on the ultimate merits of
the issues raised by appellant in his pro se response.  See id.
 If we determine that there are arguable
grounds for appeal, appellant is entitled to have new counsel address the
merits of the issues raised.  See id.  “Only after the issues have been briefed
by new counsel may [we] address the merits of the issues raised.”  Id.

If, on the other
hand, we determine, from our independent review of the entire record, that an
appeal is wholly frivolous, we may affirm the trial court’s judgment by issuing
an opinion in which we explain that we have reviewed the record and have found
no reversible error.  See id. at 826–27.  While this Court may issue an opinion explaining
why the appeal lacks arguable merit, we are not required to do so.  See
Garner v. State, 300 S.W.3d 763, 767
(Tex. Crim. App. 2009).  An appellant may
challenge a holding that there are no arguable grounds for appeal by filing a
petition for discretionary review in the Court of Criminal Appeals.  See Bledsoe, 178 S.W.3d 827 & n. 6.

Analysis

In this case, the
brief filed by appellant’s counsel meets the minimum Anders requirements by presenting a professional evaluation of the
record and stating why there are no arguable grounds for reversal on appeal.  See
Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  Appellant’s counsel indicates that she has
thoroughly reviewed the record.  Based on
this review, counsel states that she “is unable to find any errors which she,
in good faith, can urge warranting a reversal of this conviction.  Counsel is aware that she had a duty to
advance arguable grounds of error.”  See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; Mitchell v. State, 193
S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  In her Anders
brief, counsel discusses the evidence adduced at the trial, supplies us with
references to the record, and provides us with citation to legal authorities.  Cf. High
v. State, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978).  The brief also reflects that counsel delivered
a copy of the brief to appellant and informed him of his right to file a
response, which he has done.  See Stafford, 813 S.W.2d at 510.

We have reviewed
counsel’s brief and appellant’s pro se response, and we have conducted an
independent examination of the record.  See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; Bledsoe, 178 S.W.2d 826–27; Mitchell, 193 S.W.3d at 155. Based on
this review, we conclude that no reversible error exists in the record and that
the appeal is wholly frivolous.



CONCLUSION

We affirm the judgment of the trial court and grant
appointed counsel’s motion to withdraw.[1]

 

 

 

 

                                                          Laura
Carter Higley

                                                      Justice

 

Panel consists
of Chief Justice Radack and Justices Alcala and Higley.

 

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
              Appointed counsel has a duty to inform appellant of the
result of this appeal and that he may, on his own, pursue discretionary review
in the Court of Criminal Appeals.  See
Bledsoe v. State, 178
S.W.3d 824, 827 & n. 6 (Tex. Crim. App. 2005); Ex Parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997);
Stephens v. State, 35
S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet.).